UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON EZELL,

      Plaintiff,

v.                                       Case No. 06-14994
                                       Honorable Patrick J. Duggan

ROBERT WATHEN,
JAMES MALCZEWSKI,
TWO UNKNOWN OFFICERS, and
SHELBY TOWNSHIP,

      Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANTS ROBERT WATHEN'S AND SHELBY TOWNSHIP'S MOTION FOR SUMMARY JUDGMENT** [1]

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on October 17, 2007.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

Plaintiff initiated this action under 42 U.S.C. § 1983 and state law, seeking damages from Defendants for an alleged unconstitutional seizure and prosecution. Defendants are Shelby Township Police Department Officers Robert Wathen and James

---

[1] According to the parties, they have agreed to the dismissal of Officer Malczewski from this action. (Defs.' Mot. at 1; Pls.' Resp. at 1 ¶ 1.) At this time, however, nothing has been filed with the Court to reflect the parties' agreement. The Court therefore will dismiss Plaintiff's claims against Officer Malczewski at this time.

Malczewski and Shelby Township.[2] In his complaint, Plaintiff alleges the following claims against the individual officers: (I) false arrest; (II) false imprisonment; (III) unlawful arrest in violation of the Fourth and Fourteenth Amendments, pursuant to 42 U.S.C. § 1983; (IV) unlawful use of excessive force in violation of the Fourth and Fourteenth Amendments, pursuant to Section 1983; (V) assault and battery; and, (VI) malicious prosecution. In Count VII of his complaint, Plaintiff alleges that the officers' violations of his constitutional rights resulted from a lack of training or policies, procedures, and customs attributable to Shelby Township.

Presently before the Court is Officer Wathen's and Shelby Township's motion for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, filed on July 26, 2007. Plaintiff filed a response to the motion on September 6, 2007.[3] The Court held a motion hearing on October 4, 2007.

---

[2]Although Plaintiff names two unknown officers as defendants in this action, there are no allegations regarding these officers in his complaint and the evidence indicates that Officers Wathen and Malczewski were the only police officers present during the relevant events.

[3]The Court notes that Plaintiff's response was filed well beyond the time permitted under Eastern District of Michigan Local Rule 7.1(d)(1)(B), and only after this Court issued a notice dispensing with oral argument with respect to Defendants' motion. (Dkt. No. 14). Moreover, Plaintiff's response is incorrectly titled an "answer" and fails to otherwise comply with the rules regarding motion practice set forth in Local Rule 7.1(c) (e.g., the requirements that a motion contain a separate brief, a concise statement of the issues presented, and a list of the controlling or most appropriate authority). While the Court does not condone counsel's disregard of the court rules, it will consider the arguments in the response as this is a dispositive motion and to disregard the response only prejudices his client.

## I. Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986). After adequate time for discovery and upon motion, Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

The movant has an initial burden of showing "the absence of a genuine issue of material fact." *Id.* at 323. Once the movant meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *See Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986). To demonstrate a genuine issue, the non-movant must present sufficient evidence upon which a jury could reasonably find for the non-movant; a "scintilla of evidence" is insufficient. *See Liberty Lobby*, 477 U.S. at 252, 106 S. Ct. at 2512.

The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *See id.* at 255. The inquiry is whether the evidence presented is such that a jury applying the relevant evidentiary standard could "reasonably find for either the plaintiff or the defendant." *See id.*

## II.     Factual and Procedural Background

This lawsuit arises from an incident at a Meijer store in Shelby Township, Michigan, on November 6, 2004. On that date, Plaintiff and his then live-in girlfriend, Jill Clouthier, drove to Meijer to purchase a microwave cart. While Plaintiff and Ms. Clouthier provide different descriptions of what transpired between them during their shopping trip, there is no dispute that they engaged in an argument which eventually turned into a physical altercation while they were in the Meijer parking lot. At some point during the altercation, Ms. Clouthier bit the middle finger on Plaintiff's right hand. Someone eventually called 911 and Officers Wathen and Malczewski were dispatched to the store to investigate a fight in progress.

When the officers arrived at Meijer, they immediately encountered Ms. Clouthier, who "was crying, seemed very scared, red faced, and . . . had apparent injuries to her face and neck." (Defs.' Mot., Ex. F at 5.) Ms. Clouthier told the officers that her boyfriend, who was inside the store, had assaulted her. (*Id*.) Officer Wathen then went inside the store to locate Plaintiff.

According to Officer Wathen, he had reasonable suspicion at this point, but not probable cause, to believe that Plaintiff had assaulted Ms. Clouthier. (Defs.' Mot., Ex. G at 17-18). Officer Wathen explained that he therefore went to find Plaintiff in order to talk to him and follow up on his investigation. (*Id*. at 18.) A Meijer employee identified Plaintiff to Officer Wathen. The officer then approached Plaintiff and told Plaintiff that he needed to talk to him about the incident, but that he first wanted to conduct a pat down

4

search.  (*Id*. at 19.)  Officer Wathen then instructed Plaintiff to put his hands on his head and interlace his fingers so Officer Wathen could conduct the pat down search.  (*Id*. at 19 & 21.)  Plaintiff complied with Officer Wathen's request.

According to Officer Wathen, based on protocol, the safest way to conduct a pat down search is to have control of the suspect's hands, either by holding the hands or placing the person in handcuffs.  (*Id*. at 20 & 24.)  Therefore, after Plaintiff placed his hands on his head, Officer Wathen grabbed Plaintiff's hands.  In response, Plaintiff pulled his hands away and yelled, "[w]hat the hell are you doing."  (*Id*. at 34.)  Plaintiff claims that he immediately told the officer that he had an injury on his hand (Defs.' Mot., Ex. C at 127), although Officer Wathen testified that he was unaware of Plaintiff's injury until sometime later.  (Defs.' Mot., Ex. G at 24-25.)  Officer Wathen told Plaintiff to stop resisting and he re-explained that he is conducting an investigation and that he needed to conduct a pat down search of Plaintiff.  (*Id*. at 34; Defs.' Mot., Ex. C at 127.)  Officer Wathen again asked Plaintiff to put his hands on his head.  (*Id*.)

Plaintiff complied with Officer Wathen's second request, but when the officer grabbed his hands, Plaintiff again jerked at least one of his hands away and turned to face the officer.  (*Id*. at 35.)  Officer Wathen repeated his order to Plaintiff to stop resisting. (Defs.' Mot., Ex. C at 127.)  According to Officer Wathen, when Plaintiff turned to him, "he had physical characteristics . . . that were assaultive in nature based upon [the officer's] prior experience."  (Defs.' Mot., Ex. G at 35.)  Officer Wathen explained that Plaintiff's fists were clenched and his jaw was tightening.  (Defs.' Mot., Ex. E. at 7.)

5

Plaintiff claims that he was trying to explain that his hand was injured, but at the same moment, Officer Wathen forced Plaintiff to the ground using a "straight-arm-bar take down" maneuver. (Defs.' Mot., Ex. C at 127; Ex. G at 35.) Officer Wathen testified that he decided to use this maneuver based on Plaintiff's prior actions and appearance. (Defs.' Mot., Ex. G at 35.)

Officer Wathen then arrested Plaintiff for resisting and obstructing a police officer. (Defs.' Mot., Ex. G at 48.) After placing Plaintiff inside the officers' patrol car, Officer Wathen ran his name through the Law Enforcement Information Network ("LEIN") and discovered that Plaintiff had an outstanding warrant out of Sterling Heights for disorderly conduct. (*Id*. at Att. 1.) Officer Wathen and Officer Malczewski then interviewed Plaintiff, Ms. Clouthier, and other witnesses at the store regarding the altercation between Plaintiff and Ms. Clouthier. The officers eventually requested a warrant for domestic violence against both individuals. (*Id*. at 49 & Att. 1.)

The Macomb County Prosecutor subsequently filed a sworn complaint against Plaintiff, charging him with misdemeanor domestic violence and resisting and obstructing a police officer, a felony. (Defs.' Mot., Ex. N.) A magistrate judge issued a felony warrant on November 8, 2004. (*Id*.) At some point in time, the Macomb County Prosecutor also sought and obtained a warrant charging Ms. Clouthier with domestic violence. (Defs.' Mot., Ex. G at 49.)

Plaintiff was on probation at the time of the above-described incident, following a conviction in Macomb County. He appeared before the Honorable Edward A. Servitto Jr.

6

of the Macomb County Circuit Court on January 25, 2005, for a probation violation hearing. (Defs.' Mot., Ex. B.) Officer Wathen, Ms. Clouthier, Plaintiff, and a mutual friend of Plaintiff and Ms. Clouthier testified at the hearing regarding the events on November 6, 2004. Following their testimony, Judge Servitto concluded that Plaintiff resisted Officer Wathen and thereby violated the terms of his probation.[4] (*Id.* at 68.)

On April 26, 2005, a preliminary examination was held before the Honorable Douglas P. Shepherd of the Shelby County District Court with respect to the resisting and obstructing charge against Plaintiff. (Defs.' Mot., Ex. E.) At the hearing, the prosecutor called Officer Wathen to testify regarding the November 6, 2004 incident and Plaintiff's defense counsel cross-examined Officer Wathen. Following Officer Wathen's testimony and closing arguments by the prosecutor and Plaintiff's defense attorney, Judge Shepherd found probable cause to conclude that Plaintiff committed the crime of resisting and obstructing. (*Id.* at 17.) However on October 28, 2005, following a trial, a jury acquitted Plaintiff of the resisting and obstructing and domestic violence charges. (Defs.' Mot., Ex. P.)

Plaintiff thereafter initiated this lawsuit on January 9, 2007.

### III.  Defendants' Arguments in Support of Their Motion and Plaintiff's Response

---

[4]Judge Servitto did not make a finding with respect to the domestic violence charge against Plaintiff, stating only that he was convinced Plaintiff and Ms. Clouthier had a dispute, that he was not sure what precipitated that dispute, but that he had no doubt that "Ms. Clouthier's conduct was overreactive as was [Plaintiff's]." (Defs.' Mot., Ex. B at 67.)

7

In their motion for summary judgment, Defendants raise two arguments to support the dismissal of Plaintiff's claims alleging that his arrest and prosecution were unlawful.[5] First, Defendants contend that Plaintiff was lawfully arrested on an outstanding warrant. Second, they argue that Plaintiff is estopped from contesting whether the officers had probable cause to arrest him based on Judge Shepherd's finding of probable cause at Plaintiff's preliminary examination on the resisting and obstructing charge. Defendants argue that Plaintiff's claims fail if the officers had probable cause to effectuate his arrest.

With regard to Plaintiff's Section 1983 excessive force claim and his state law assault and battery claim, Defendants argue that Officer Wathen's conduct in arresting Plaintiff was objectively reasonable and therefore did not violate Plaintiff's constitutional rights or state law. Defendants alternatively argue that Officer Wathen is entitled to qualified immunity with respect to Plaintiff's excessive force claim.

Finally, Defendants contend that there is no evidence to support Plaintiff's claim against Shelby Township. Defendants first argue that, because Plaintiff's constitutional rights were not violated, his claim against the municipality fails. Defendants further argue that Plaintiff lacks evidence of a municipal policy, procedure, or custom connected to the officers' alleged wrongful conduct or an inadequacy in the municipality's training

---

[5]Defendants actually identify three arguments, but their third argument– that there was probable cause to arrest Plaintiff– simply is based on their second argument that Plaintiff is estopped from claiming that there was no probable cause to find that he resisted and obstructed Officer Wathen. (Defs.' Br. in Supp. of Mot. at 14-15.) It is only in a footnote where Defendants argue that, if the Court were to determine anew whether there was probable cause, it should find that probable cause existed. (*Id*. at 15 n. 9.)

8

of its officers.

In response, Plaintiff begins by pointing out the disputed testimony regarding what transpired between himself and Ms. Clouthier on November 6, 2004. Plaintiff further notes that Judge Servitto never concluded at Plaintiff's probation revocation hearing that he committed domestic violence. Plaintiff argues that the domestic violence charge only was brought against him to support the resisting and obstructing charge and that, but for the "alleged-resistence incident" with Officer Wathen, he never would have been charged with domestic violence. (Pl.'s Resp. at 4.) With regard to his arrest, prosecution, and imprisonment for resisting and obstructing, Plaintiff contends that there are genuine issues of material fact as to what Officer Wathen knew regarding Plaintiff's hand injury at that time the officer attempted to conduct the pat down search and that, assuming Plaintiff's version of the events, no reasonable officer would have believed that Plaintiff was resisting and obstructing.

With respect to the force Officer Wathen used to arrest him, Plaintiff argues that the officer should have instructed him that any hand movement would be considered resistance. Plaintiff further argues that he told Officer Wathen about his hand injury and, knowing of this injury, no reasonable officer would have regarded Plaintiff's movements as resistence. Plaintiff indicates, however, that he does not contest the propriety of the technique Officer Wathen attempted to use to conduct a pat down search of Plaintiff. (*Id.* at 5.)

Plaintiff fails to respond to Defendants' arguments with respect to Shelby

9

Township's liability.

## IV. Applicable Law and Analysis

### A. False Arrest, False Imprisonment, Malicious Prosecution, and Unlawful Arrest in Violation of Plaintiff's Rights Under the Fourth and Fourteenth Amendments

In order to prevail on his claims of false arrest, false imprisonment, malicious prosecution, and unlawful seizure in violation of his constitutional rights, Plaintiff must prove that Defendants lacked probable cause to arrest him. *Hinchman v. Moore*, 312 F.3d 198, 202 (6th Cir. 2002) (citations omitted). Under Federal law, a determination of whether probable cause exists "is based on the 'facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person . . . in believing . . . that the suspect has committed, is committing, or is about to commit an offense.'" *Id*. at 204 (quoting *Criss v. City of Kent*, 867 F.2d 259, 262 (6th Cir. 1988)). Similarly, under Michigan law, "'[p]robable cause to arrest exists where the facts and circumstances within an officer's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been committed or is being committed.'" *Id*. (quoting *People v. Champion*, 452 Mich. 92, 115, 549 N.W.2d 849, 860 (1996)).

As an initial matter, there is no merit to Defendants' claim that the officers had probable cause to arrest Plaintiff based on the outstanding Sterling Heights warrant. As Plaintiff correctly points out, the undisputed facts establish that the officers only discovered the warrant *after* Officer Wathen arrested Plaintiff for resisting and

obstructing. *See supra* at 6. There is merit, however, to Defendants' claim that Plaintiff is collaterally estopped from arguing that probable cause was lacking.

A state court's finding in a prior criminal proceeding may estop an individual from relitigating the same issue in a subsequent civil action. *Hinchman*, 312 F.3d at 202 (citation omitted). "'A federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.'" *Id.* (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S. Ct. 892 (1984)). "[S]everal Michigan courts have held that collateral estoppel precludes a plaintiff in a civil case from relitigating claims that were previously addressed in criminal proceedings." *Buttino v. City of Hamtramck*, 87 F. App'x 499, 503 (6th Cir. 2004) (unpublished opinion) (citing Michigan cases).

Applying these principles, the Sixth Circuit has held that "where a state affords an opportunity for an accused to contest probable cause at a preliminary hearing and the accused does so, a finding of probable cause by the examining magistrate or state judge should foreclose relitigation of that finding in a subsequent Section 1983 action." *Coogan v. City of Wixom*, 820 F.2d 170, 175 (6th Cir. 1987), overruled on other grounds by *Frantz v. Vill. of Bradford*, 245 F.3d 869, 874 (6th Cir. 2001). Concluding that a preliminary hearing is an adversary proceeding under Michigan law because the accused has the right to call witnesses and cross-examine witnesses produced by the State, the *Coogan* court held that when a defendant contests probable cause at a Michigan preliminary hearing, he or she is estopped from subsequently relitigating the probable

cause determination in a subsequent civil action.[6] *Id*. (citation omitted).

Based on *Coogan*, this Court finds that Plaintiff is collaterally estopped from relitigating Judge Shepherd's probable cause determination. Although Plaintiff did not call any witnesses at his preliminary examination, his defense counsel cross-examined Officer Wathen and contested probable cause. While the Sixth Circuit has held that a plaintiff is not estopped from relitigating the issue of probable cause where the plaintiff claims that the witnesses who testified at the prior criminal proceeding misstated the facts or knowingly misrepresented the facts to establish probable cause, *Darrah v. City of Oak Park*, 255 F.3d 301, 311 (6th Cir. 2001), Plaintiff does not make such claims here.

As Judge Shepherd found that Officer Wathen had probable cause to arrest Plaintiff for obstructing and restricting, Plaintiff cannot prevail on his claims alleging false arrest, false imprisonment, malicious prosecution[7], and unlawful seizure in violation

---

[6]At the motion hearing, Plaintiff's counsel expressed that, based on his experience in the Michigan courts, the accused is not afforded a fair opportunity to contest probable cause at a preliminary examination. Regardless of counsel's belief, however, the Sixth Circuit held in *Coogan* that a preliminary hearing is an adversary proceeding under Michigan law and that when a defendant contests probable cause at such a hearing, he is estopped from subsequently litigating the probable cause determination. *Coogan*, 820 F.2d at 175.

[7]Although Judge Shepherd did not make a probable cause determination with respect to the domestic violence charge, Defendants did not arrest Plaintiff for domestic violence. (Defs.' Mot., Ex. F at 13.) Instead, Officer Wathen testified that he arrested Plaintiff for resisting and obstructing. To the extent Plaintiff's malicious prosecution claim is based on the domestic violence charge, that claim fails because a "'prosecutor's exercise of his independent discretion in initiating and maintaining a prosecution is a complete defense to an action for malicious prosecution'" absent allegations that the prosecutor relied on false statements of the officers. *Whitmore v. County of Oakland*, No.

of the Fourth and Fourteenth Amendments. The Court therefore grants summary judgment to Defendants with respect to these claims.

### B. Excessive Force and Assault and Battery

The Fourth Amendment guarantees individuals "the right to be free from excessive force during an arrest." *Solomon v. Auburn Hills Police Dep't*, 389 F.3d 167, 173 (6th Cir. 2004) (citation omitted). Excessive force claims are evaluated under the Fourth Amendment's reasonableness standard– i.e. whether the officer's actions were objectively reasonable under the circumstances. *Adams v. Metiva*, 21 F.3d 375, 385 (6th Cir. 1994) (citations omitted). Under Michigan law, a plaintiff cannot establish a claim of assault and battery arising out of an arrest if the police officer used reasonable force when making the arrest. *See VanVorous v. Burmeister*, 262 Mich. App. 467, 480-81, 687 N.W.2d 132, 141 (1994).

This Court finds, as a matter of law, that Officer Wathen use reasonable force to effectuate Plaintiff's arrest in response to Plaintiff's resistance to the officer's attempt to conduct a pat down search. As an initial matter, for the reasons discussed in the preceding section, whether Plaintiff informed Officer Wathen of his hand injury when the officer attempted to conduct the pat down search or, if he did, whether Officer Wathen heard Plaintiff, are issues that are no longer before the trier of fact in this case. At

---

06-10042, 2007 WL 201074, at *9 (E.D. Mich. Jan. 24, 2007) (unpublished op.) (quoting *Matthews v. Blue Cross Blue Shield of Michigan*, 456 Mich. 365, 384, 572 N.W.2d 603, 613 (1998)). Plaintiff does not assert that the officers presented false information to the Macomb County Prosecutor to support domestic violence charges against him.

13

Plaintiff's preliminary examination, his defense counsel argued that Plaintiff's actions did not constitute resisting and obstructing because he only pulled his hands away from Officer Wathen due to the pain he experienced when the officer grabbed his injured hand. (Defs.' Mot., Ex. E at 15.) Despite this argument, Judge Shepherd found probable cause to conclude that Plaintiff committed the crime.

Plaintiff presents no evidence to suggest that, having probable cause to believe that Plaintiff was resisting and obstructing, Officer Wathen's method of effectuating Plaintiff's arrest was unreasonable. As well, Plaintiff testified that the only injury he suffered as a result of Officer Wathen's conduct was a bruise to his face for which he did not seek any medical treatment and which lasted for about a week and a half. (Defs.' Mot., Ex. D at 33-34.) The Court therefore grants summary judgment to Defendants with respect to Plaintiff's excessive force and assault and battery claims.

### C. Municipal Liability

Plaintiff's claim against Shelby Township is premised on the finding of a constitutional violation by Officer Wathen or Officer Malczewski. As set forth above, the Court concludes that the officers did not violate Plaintiff's constitutional rights. His claim against Shelby Township therefore fails.

## V. Conclusion

Based on the above analysis, the Court concludes that Officer Wathen and Shelby Township are entitled to summary judgment with respect to all of the claims set forth in Plaintiff's complaint.

Accordingly,

**IT IS ORDERED**, that the motion for summary judgment filed by Officer Wathen and Shelby Township is **GRANTED**;[8]

**IT IS FURTHER ORDERED**, that Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

                                                  s/PATRICK J. DUGGAN
                                                  UNITED STATES DISTRICT JUDGE

Copies to:
Sheldon Halpern, Esq.
Gus Morris, Esq.
G. Randall Gilmer, Esq.

---

[8]As indicated in footnote 1, based on the parties' agreement, the Court is dismissing Plaintiff's claims against Officer Malczewski as well.